UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ARTIMUS CONSTRUCTION INC.,

                          Plaintiff,

        -against-

UNITED STATES FIDELITY AND
GUARANTY CO.,

                          Defendant.
----------------------------------------------------------------x

```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____    │
│ DATE FILED:  5-9-11         │
└─────────────────────────────┘
```

11 Civ. 1123 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        This insurance coverage dispute was commenced in the Supreme Court of

the State of New York, New York County, on January 18, 2011, and removed to this

Court on February 18, 2011.  (Docket # 1.)  Plaintiff Artimus Construction Inc.

("Artimus") seeks a declaratory judgment that its insurer, defendant United States

Fidelity and Guaranty Co. ("U.S. Fidelity"), "had and has a duty to defend, cover and

indemnify Artimus for all damages awarded and adjudged against Artimus" in a now-

resolved state court action, Park v. City of New York, et al., Index No. 122075/01 (N.Y.

Sup. Ct. N.Y. Cty.).  (Compl. ¶ 1.)  Artimus asserts that it is organized under the laws of

New York with its principal place of business in New York, and U.S. Fidelity states in

the Notice of Removal that it is organized under the laws of Connecticut with its

principal place of business in Connecticut.  (Compl. ¶ 2; Notice of Removal ¶¶ 6-8.)  The

amount in controversy exceeds the jurisdictional threshold.  (Compl. ¶ 51; Notice of

Removal ¶ 10.)  Subject matter jurisdiction is premised upon diversity of citizenship.  28

U.S.C. § 1332.

The plaintiff has moved to remand this action, arguing that the Court should decline to exercise jurisdiction over this action because it implicates the Declaratory Judgment Act, 28 U.S.C. § 2201. For the reasons explained, the plaintiff's motion is denied, but, in light of ongoing state court litigation, the action is stayed for 120 days.

In arguing for remand, the plaintiff asserts that this Court may decline to exercise jurisdiction over an action seeking relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. As noted, the Notice of Removal properly invokes diversity jurisdiction. 28 U.S.C. § 1332. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Based on the allegations set forth in the Complaint and the defendant's representations in its Notice of Removal, there is no basis to conclude that this Court does not have subject matter jurisdiction over the dispute.

The Declaratory Judgment Act is a procedural vehicle to be applied in accordance with existing Article III powers. As the Second Circuit has explained:

> [A] request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights. In fact, the statute authorizing the declaratory judgment remedy explicitly incorporates the Article III case or controversy limitation. The Declaratory Judgment Act does not expand jurisdiction. Nor does it provide an independent cause of action. Its operation is procedural only – to provide a form of relief previously unavailable.

In re Joint Eastern and Southern Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993)

(citations and quotations omitted).  Succinctly put:  "By the Declaratory Judgment Act,

Congress sought to place a remedial arrow in the district court's quiver; it created an

opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."

Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

   Wilton also explored a district court's "broad discretion" to stay or dismiss

a declaratory judgment action, which, it noted, is build into the text of the Declaratory

Judgment Act.  Id. at 283; see also 28 U.S.C. § 2201(a) ("In a case of actual controversy

within its jurisdiction . . . any court of the United States . . . may declare the rights and

other legal relations of any interested party seeking such declaration, whether or not

further relief is or could be sought.") (emphasis added).  Wilton recognized that a district

court is empowered to conclude, at the outset, that entry of a declaratory judgment "will

serve no useful purpose," and consequently dismiss or stay the proceeding.  515 U.S. at

288.  "In the declaratory judgment context, the normal principle that federal courts should

adjudicate claims within their jurisdiction yields to considerations of practicality and wise

judicial administration."  Id.

   Plaintiff seeks declaratory relief, yet advocates remand on the grounds that

declaratory relief is inappropriate in this tribunal.  Its motion is premised entirely on

prudential concerns to be weighed in light of ongoing litigations in state court.  There are

two ongoing insurance coverage disputes that implicate the underlying Park matter.  The

Park litigation was a personal injury action against Artimus, the City of New York (the

"City") and other parties based on injuries that the Park plaintiff sustained in a worksite

accident.  (Compl. ¶¶ 1, 10.)  The trial court granted a directed verdict on liability, and a

jury awarded damages of $1,133,000. (Strauss Aff't Ex. A; Compl. ¶¶ 11-12.) Judgment was entered jointly and severally against both Artimus and the City. (Strauss Aff't Ex. A at 5.) U.S. Fidelity insured Artimus, and the same policies named the City as an additional insured. (Compl. ¶¶ 14-21.)

In 2006, the City commenced, in New York Supreme Court, a declaratory judgment action against U.S. Fidelity.[1] (Strauss Aff't ¶ 10.) It implicates the same insurance policies in dispute here. (Marion Dec. Ex. B.) The City discontinued the action without prejudice in 2008, reinstated it in 2010, and now seeks injunctive relief as to U.S. Fidelity's purported obligations to indemnify the City for the Park judgment. (Strauss Aff't ¶ 11; Marion Dec. Ex. B.) Separately, in 2005, Artimus commenced an action in New York Supreme Court against Nationwide Insurance Company ("Nationwide"), seeking declaratory judgment as to its obligations to defend and indemnify Artimus in the Park action. (Strauss Aff't ¶ 12; Marion Dec. Ex. D.)

The actions brought by the City and Nationwide are assigned to Justice Saliann Scarpulla of the New York Supreme Court, New York County. (Strauss Aff't ¶ 12.) U.S. Fidelity elected to proceed in state court as to the action brought by the City, yet removed the present action to federal court. Justice Scarpulla is coordinating the disposition of both the City and Nationwide disputes, as is reflected in an order of March 9, 2011 that directed the parties of both actions to a single mediation. (Marion Dec. ¶ 5 & Ex. E.) An attorney affidavit notes that, in the state court matter, "attorneys for the City of New York, Artimus, USF&G and Nationwide will all be at the table in the State Action." (Marion Dec. ¶ 8.)

---

[1] U.S. Fidelity was named as "St. Paul Fire and Marine Insurance Company" ("St. Paul Fire") in the Complaint filed by the City, but U.S. Fidelity answered on behalf of St. Paul Fire, stating that St. Paul Fire was "incorrectly sued." (Strauss Aff't ¶ 10; Marion Dec. Ex. C.)

The Second Circuit has set forth five factors to weigh "before a court

entertains a declaratory judgment action:"

> (i) 'whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved'; (ii) 'whether a judgment would finalize the controversy and offer relief from uncertainty'; (iii) 'whether the proposed remedy is being used merely for "procedural fencing" or a "race to res judicata"'; (iv) 'whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court'; and (v) 'whether there is a better or more effective remedy.'

New York Times Co. v. Gonzalez, 459 F.3d 160, 167 (2d Cir. 2006) (quoting Dow Jones

& Co. v. Harrods Ltd., 346 F.3d 357, 359-60 (2d Cir. 2003)).  In this case, the Complaint

is premised on an assertion that declaratory judgment serves "a useful purpose" in

settling the legal issues, and that such relief will "finalize the controversy" and relieve

uncertainty.  Id.  It is also the case that the defendant's removal reflects "procedural

fencing" and risks "improperly encroach[ing]" on the state court's efforts to resolve the

City action against U.S. Fidelity and Artimus's action against Nationwide.  Id.  While

U.S. Fidelity argues that this action and the one brought by the City implicate wholly

independent facts involving the notice to the insurer, and therefore should be adjudicated

independently, the Complaint asserts that both Artimus and the City provided timely

notice.  (Compl. ¶¶ 22-34.)  It is, moreover, possible that any decisions made by this

Court could complicate, and thereby encroach upon, Justice Scarpulla's efforts to resolve

the two related coverage disputes.

> In exercising my discretion in accordance with the guidance offered by the

Supreme Court, the Second Circuit, and the text of the Declaratory Judgment Act, this

Court concludes that a stay in this case is appropriate.  The stay may be vacated or

extended upon further order.  In the event that the matters before Justice Scarpulla are resolved, the parties are directed to inform the Court forthwith via joint letter.  If, after 120 days, the actions remain pending, the parties are directed to submit a joint letter setting forth the cases' procedural status and stating their respective views as to whether the stay should remain in place.

       The motion for remand is DENIED.  (Docket # 6.)  The Clerk is directed to terminate the motion.

       SO ORDERED.

                                       P. Kevin Castel
                             United States District Judge

Dated: New York, New York
      May 9, 2011